NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-1595

CREATIVE COMPOUNDS, LLC,

Plaintiff-Appellant,

v.

STARMARK LABORATORIES,

Defendant-Appellee.

Appeal from the United States District Court for the Southern District of Florida in case no. 07-CV-22814, Judge Alan S. Gold.

- - - - - - - - - - - - - - - - - - - - - - -

2010-1168

CREATIVE COMPOUNDS, LLC,

Plaintiff-Appellant,

v.

STARMARK LABORATORIES,

Defendant-Appellee.

Appeal from the United States District Court for the Southern District of Florida in case no. 07-CV-22814, Judge Alan S. Gold.

- - - - - - - - - - - - - - - - - - - - - - -

MISCELLANEOUS DOCKET NO. 926

IN RE CREATIVE COMPOUNDS, LLC,

Petitioner.

On Petition for Writ of Mandamus to the United States District Court for the Southern District of Florida in case no. 07-CV-22814, Judge Alan S. Gold.

ON MOTION AND PETITION FOR WRIT OF MANDAMUS

Before MICHEL, Chief Judge, FRIEDMAN and LINN, Circuit Judges.

LINN, Circuit Judge.

## O R D E R

In 2009-1595, Creative Compounds, LLC moves for reconsideration of the court's order dismissing its appeal as premature. Starmark Laboratories opposes. Creative Compounds replies. In Misc. 926, Creative Compounds petitions for a writ of mandamus to direct the United States District Court for the Southern District of Florida to issue a permanent injunction against Creative Compounds. Starmark opposes. Creative Compounds replies.

In the district court, Creative Compounds filed a complaint seeking a declaration that it did not infringe Starmark's patent and that the patent was invalid. Starmark filed a counterclaim asserting that Creative Compounds infringed Starmark's patent and that a second patent, owned by Creative Compounds, was invalid. Starmark sought damages and an injunction. On September 17, 2009, the district court determined that Starmark's patent was infringed by Creative Compounds and was not invalid. The district court also determined that Creative Compounds' patent was invalid. The district court did not at that time rule on Starmark's request for damages or an injunction. A trial on damages is scheduled for June 2010. Creative Compounds appealed the district court's September 17 order .

On December 30, 2009, we dismissed Creative Compounds' appeal, 2009-1595, because there was no final judgment. We also determined that the case was not final

except for an accounting because Starmark's request for injunctive relief remained pending.

Although Starmark's request for injunctive relief remained pending, Creative Compounds also moved "for entry of confessed permanent injunction." Creative Compounds informs us that on December 29, 2009, the district court denied Creative Compounds' motion for a permanent injunction "WITHOUT PREJUDICE to either party's right to file a Motion for Permanent Injunction at the conclusion of the second phase of these proceedings." The district court stated that "the equities militate against the entry of a permanent injunction at this juncture." The district court also expressed concern about the "historic federal policy against piecemeal appeals."

Starmark's request for relief in the form of a permanent injunction, asserted in its answer to the complaint, has not been ruled on, and it appears that Starmark has not yet moved for such an injunction. Thus, we adhere to our earlier ruling that the case is not final except for an accounting because relief other than an accounting for damages remains pending. Creative Compounds' motion for reconsideration of the dismissal of 2009-1595 is denied.

In 2010-1168, Creative Compounds appeals the district court's December 29, 2009 order denying Creative Compounds' request to issue an injunction against itself. Creative Compounds also petitions for a writ of mandamus, challenging the same order, in Misc. 926. Because a petition for writ of mandamus cannot be used to challenge an order which is subject to appeal, and because Creative Compounds has appealed the order denying or refusing its request for an injunction pursuant to 28 U.S.C. § 1292, we deny Creative Compounds' petition for a writ of mandamus. Cheney v. U.S. Dist. Ct. for

the Dist. of Columbia, 542 U.S. 367, 381 (2004) (writ of mandamus is not intended to be used as a "substitute for the regular appeals process" and thus a petitioner must show that he has not alternative means of obtaining the relief sought by mandamus).

Accordingly,

IT IS ORDERED THAT:

(1) Creative Compounds' motion for reconsideration in 2009-1595 is denied.

(2) Creative Compounds' petition for a writ of mandamus is denied.

FOR THE COURT

MAR 24 2010
Date

/s/ Jan Horbaly
Jan Horbaly
Clerk

cc: Matthew A. Rosenberg, Esq.
Frederick A. Tecce, Esq.

s8

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

MAR 24 2010

JAN HORBALY
CLERK